CLERK'S OFFICE U.S DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB - 1 2010
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID RAY BARBOUR,<br>    Plaintiff, | ) Civil Action No. 7:10-cv-00048<br>)<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| CHARLES T. STRASS,[1]<br>    Defendant. | ) By: Hon. Jackson L. Kiser<br>) Senior United States District Judge |

Plaintiff David Ray Barbour, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Judge Charles Strauss, a state circuit court judge, as the sole defendant. This matter is presently before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice as frivolous.

I.

Plaintiff alleges that Judge Strauss violated due process by resentencing plaintiff to ten years although plaintiff had "only two years left on good-time to pull." (Compl. 2.) Plaintiff requests as relief $2,000 and to be immediately released from custody.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v.

---

[1] Plaintiff titles the action against "Charles T. Strass," but he also spells the defendant's name correctly as "Strauss."

Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, a circuit court judge is immune from damages for claims arising out of for judicial actions. Oliva v. Boyer, 163 F.3d 599, [published in full-text format at 1998 U.S. App. LEXIS 22317, *1 (4th Cir. 1999) (unpublished)]. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Dennis v. Sparks, 449 U.S. 24, 28-32 (1980) (stating judges have absolute immunity against claims for damages under § 1983 for any actions taken within their judicial capacity). Accordingly, plaintiff pursues a meritless legal theory by suing a circuit court judge for damages for actions the judge took while in his judicial capacity, and I dismiss the complaint as frivolous.

Moreover, "civil tort actions are simply not appropriate vehicles for challenging the validity of outstanding criminal judgments." Harvey v. Horan, 278 F.3d 370, 374-75 (4th Cir. 2002) (internal quotation marks omitted). Permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." Id. at 375. Therefore, I must consider whether a judgment in favor of the

plaintiff in this suit would necessarily imply the invalidity of his conviction or sentence; if it would, I must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has already been favorably invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Favorable invalidation occurs when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Id.

Success on plaintiff's claims clearly would imply the invalidity of his current confinement because he essentially argues actual innocence of the acts for which Judge Strauss resentenced him: if it were not the judge entering plaintiff's criminal judgment, plaintiff would not have been convicted and placed back in prison. Plaintiff can not prove favorable termination because he is still convicted and serving a sentence for the same convictions for which he seeks monetary relief.[2] Therefore, plaintiff pursues a meritless legal theory to attack his criminal conviction via a civil rights action without establishing any favorable termination. To the extent plaintiff wants a speedier release from incarceration or to vacate his criminal convictions, plaintiff must pursue a remedy via a writ of habeas corpus, not a civil rights action. See Edwards v. Balisok, 520 U.S. 641, 645-47 (1997) (stating that § 1983 damages claim arguing that due process rights violations resulted in loss of good-time credits should be brought as habeas corpus petition); Heck, 512 U.S. at 486-88 (stating that a § 1983 claim that would necessarily demonstrate the invalidity of confinement or its duration should be brought as a habeas claim);

---

[2]Plaintiff does not allege that habeas remedies are not available to him and indicates on his complaint that he not exhausted other remedies available to him.

3

Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled to a speedier release). Accordingly, I dismiss the complaint without prejudice as frivolous. See Omar v. Chasanow, 318 Fed. App'x. 188, 189 (4th Cir. 2009) (per curiam) (modifying district court's dismissal with prejudice under Heck to be dismissed without prejudice to allow plaintiff to refile if favorable termination occurs). See also McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

III.

For the foregoing reasons, I dismiss the complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 1st day of ~~January~~ Feb., 2010.

Senior United States District Judge

4